UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LETICIA SAXTON, et al., | Case No. 17-cv-05926-LB |
| Plaintiffs, | |
| v. | **ORDER TO SHOW CAUSE** |
| CITY OF ANTIOCH, et al., | |
| Defendants. | |

**INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiffs Leticia Saxton and Randy McCon filed this action against the City of Antioch, Joshua Evans, and Santiago Castillo, alleging violations of the Fourth Amendment, on October 16, 2017.[1] The defendants filed a partial motion to dismiss on March 15, 2018.[2] The deadline for the plaintiffs to respond was March 29. N.D. Cal. Civ. L.R. 7-3(a). The plaintiffs did not file an opposition or a statement of non-opposition by this deadline.[3]

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

Ms. Saxton also purported to bring this claim as guardian ad litem on behalf of minor R.M. *See id.* at 1. As the court previously explained, however, as a non-attorney, Ms. Saxton has no authority to appear for R.M. or for anyone besides herself. Order – ECF No. 26 at 1–2 (citing cases).

[2] Defs. Partial Mot. to Dismiss – ECF No. 22.

[3] *See* Docket.

ORDER – No. 17-cv-05926-LB

On April 2, the court extended the time for the plaintiffs to respond to April 9.[4] The plaintiffs did not file an opposition or a statement of non-opposition by this deadline.[5] On April 10, a courtroom deputy spoke with Ms. Saxton, who said that she would file a response by April 13.[6] She did not do so.[7] On April 19, the court held a status conference, where Ms. Saxton said she would provide the date when she would file an opposition by April 26.[8] On April 30, the court extended this to May 8.[9] The plaintiffs did not meet this deadline, and to date, have never filed an opposition or a statement of non-opposition.[10]

On May 3, Ms. Saxton filed a putative notice of voluntary dismissal.[11] On May 4, a courtroom deputy called Ms. Saxton to ask about Mr. McCon's position on the notice of voluntary dismissal.[12] Ms. Saxton said that she would contact the court the next week with Mr. McCon's decision.[13] She did not do so.[14]

On May 15, a courtroom deputy called Ms. Saxton and left a voice mail regarding her notice of voluntary dismissal and asking Mr. McCon's position.[15] On May 16, the court issued an order, stating that it understood that Ms. Saxton wanted to take back her notice of voluntary dismissal and informing her that she could do so by filing a one-page notice.[16] Ms. Saxton did not do so.[17]

---

[4] Order – ECF No. 28.

[5] *See* Docket.

[6] Remark (Apr. 10, 2018) (no ECF number).

[7] *See* Docket.

[8] Minute Entry – ECF No. 33.

[9] Clerk's Notice – ECF No. 34.

[10] *See* Docket.

[11] Request to Dismiss Lawsuit – ECF No. 35.

[12] Remark – ECF No. 36.

[13] *Id.*

[14] *See* Docket.

[15] Remark (May 15, 2018) (no ECF number).

[16] Order – ECF No. 37.

[17] *See* Docket.

On May 21, a courtroom deputy spoke with Ms. Saxton, who said that she and Mr. McCon would be filing a joint notice of dismissal.[18] Neither she nor Mr. McCon actually did so.[19] On June 5, a courtroom deputy spoke with Ms. Saxton, who said that she and Mr. McCon would be filing a notice of dismissal and that the court would receive it within the week.[20] This did not happen.[21]

On June 7, the court issued a notice that the plaintiffs' voluntary dismissal must be signed by both Ms. Saxton and Mr. McCon and filed within one week.[22] They did not do so.[23] On June 13, a courtroom deputy called Ms. Saxton but was unable to reach her; the deputy left a voice mail following up on the notice of dismissal.[24] Neither Ms. Saxton nor Mr. McCon responded.[25] On June 20, the deputy called again and left another voice mail for Ms. Saxton following up on the notice of dismissal.[26] Neither Ms. Saxton nor Mr. McCon responded.[27] On June 26, the deputy called again and left another voice mail for Ms. Saxton following up on the notice of dismissal and reminding her of the July 5 status conference.[28] Neither Ms. Saxton nor Mr. McCon responded, and neither of them appeared at the status conference.[29] At the status conference, counsel for the defendants said that he would contact the plaintiffs to discuss a possible stipulated dismissal.[30]

---

[18] Remark (May 21, 2018) (no ECF number).

[19] *See* Docket.

[20] Remark (June 5, 2018) (no ECF number).

[21] *See* Docket.

[22] Clerk's Notice – ECF No. 41.

[23] *See* Docket.

[24] Remark (June 13, 2018) (no ECF number).

[25] *See* Docket.

[26] Remark (June 20, 2018) (no ECF number).

[27] *See* Docket.

[28] Remark (June 26, 2018) (no ECF number).

[29] *See* Docket; Minute Entry – ECF No. 43.

[30] Minute Entry – ECF No. 43.

**ORDER TO SHOW CAUSE**

The court hereby **ORDERS** Ms. Saxton and Mr. McCon to contact counsel for the defendants and confer about what they plan to do in this case.

The court further **ORDERS** Ms. Saxton and Mr. McCon to provide a written update to the court by **July 26, 2018**, about what they plan to do in this case.

If what Ms. Saxton and Mr. McCon file on July 26 is anything besides a voluntary dismissal signed by all plaintiffs, the court further **ORDERS** both of them to appear, in person, at a status conference on **August 2, 2018, at 11:00 a.m.** in 450 Golden Gate Avenue, 15th Floor, Courtroom C, San Francisco, California 94102. At this status conference, the plaintiffs must show cause (1) why this case should not be dismissed for their failure to prosecute it and (2) even if their case should not be dismissed in its entirety, why the defendants' partial motion to dismiss should not be granted for the plaintiffs' failure to oppose it.

The court warns the plaintiffs that if they fail to file the required written update by July 26 or fail to appear at the status conference on August 2, the court may dismiss their case without further notice for their failure to prosecute it.

**IT IS SO ORDERED.**

Dated: July 19, 2018

LAUREL BEELER
United States Magistrate Judge