UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LETICIA SAXTON, et al., | Case No. 17-cv-05926-LB |
| Plaintiffs, | |
| v. | **ORDER REGARDING MOTION TO DISMISS; ORDER TO SHOW CAUSE** |
| CITY OF ANTIOCH, et al., | Re: ECF No. 43 |
| Defendants. | |

**INTRODUCTION**

In this civil-rights lawsuit, the plaintiffs generally charge that two Antioch police officers used excessive force after an unlawful traffic stop when they punched and kicked plaintiff Randy McCon and pepper-sprayed his mother, plaintiff Leticia Saxton, in violation of the Fourth Amendment. The plaintiffs are Ms. Saxton and Mr. McCon, and Ms. Saxton also purports to bring the lawsuit as guardian ad litem on behalf of R.M., identified in the complaint as Mr. McCon's sister (and presumably, Ms. Saxton's daughter). The plaintiffs also bring a *Monell* claim against the City of Antioch.[1] The defendants filed a motion to dismiss in part on the ground that the two-

---

[1] Compl. – ECF No. 1 at 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

year statute of limitations bars the lawsuit.[2] The plaintiffs did not file an opposition or a statement of non-opposition.[3] *See* N.D. Cal. Civ. L. R. 7-3. Another issue is that the court previously advised Ms. Saxton that she could not bring a lawsuit on R.M.'s behalf because she is not an attorney.[4] The final issue is the plaintiffs' failure to participate in their litigation. The court previously issued an order to show cause warning the plaintiffs that they risked dismissal of their case for their failure to prosecute it.[5]

The court held a hearing on August 2, 2018. Neither Ms. Saxton nor Mr. McCon appeared. The defendants' lawyer advised the court that Ms. Saxton may be ill. Under the circumstances, the court issues this order to address the procedural posture of the case and to order the plaintiffs to show cause why the court should not dismiss their case for their failure to prosecute it. The plaintiffs must respond in writing by August 16, 2018, and in person at a hearing that the court sets for August 23, 2018, at 9:30 a.m. The court is amenable to participation by telephone.

## STATEMENT

The following is relevant procedural history.

The plaintiffs filed their complaint on October 16, 2017, alleging excessive force on October 15, 2015.[6] The defendants timely filed a motion to dismiss, in part on the ground that the statute of limitations barred the lawsuit because the events happened on September 28, 2015.[7] The plaintiffs' deadline to respond to the motion to dismiss was March 29, 2018. N.D. Cal. Civ. L.R. 7-3(a). The plaintiffs did not file an opposition or a statement of non-opposition.[8] On April 2, 2018, the court

---

[2] Mot. to Dismiss – ECF No. 22.

[3] *See* Docket.

[4] Order – ECF No. 26 at 1.

[5] Order – ECF No. 44

[6] Compl. – ECF No. 1.

[7] Mot. to Dismiss – ECF No. 22 at 5.

[8] *See* Docket. The court previously provided a notice about the court's Legal Help Center and sent the plaintiffs a copy of the district's handbook *Representing Yourself in Federal Court: A Handbook for*

extended the time for the plaintiffs to respond to the motion to dismiss to April 9, 2018.[9] The plaintiffs did not file an opposition or a statement of non-opposition.[10]

During this time period, the court advised Ms. Saxton that she could not file an action on behalf of R.M. but could retain a lawyer and then be appointed R.M.'s guardian and bring a lawsuit on her behalf.[11] The court directed Ms. Saxton to update the court about R.M.'s status by April 2, 2018 and encouraged her to contact the court's Legal Help Center.[12]

On April 10, 2018, a courtroom deputy spoke with Ms. Saxton about her opposition and the status of R.M.; Ms. Saxton said that she was working with the Legal Help Center and would file something by April 13, 2018.[13] She did not do so.[14] On April 19, 2018, Ms. Saxton reported at a status conference that she would know by April 26 whether she would be able to hire a lawyer, would dismiss her lawsuit if she could not, and would update the court by April 26.[15] Ms. Saxton contacted the court and said that she needed more time and had a meeting with the Legal Help Center on May 3, 2018; the court extended the time to file a dismissal or an update to May 8, 2018.[16]

On May 3, 2018, Ms. Saxton filed a notice of voluntary dismissal.[17] Mr. McCon did not sign the dismissal, and the courtroom deputy thereafter spoke with Ms. Saxton several times about the need for Mr. McCon's signature to dismiss the case. On May 4, 2018, Ms. Saxton said that she

---

*Pro Se Litigants*. Notice – ECF No. 14. The court resent the notice and handbook on January 25, 2018. Notice – ECF No 18.

[9] Order – ECF No. 28.

[10] *See* Docket.

[11] Order – ECF No. 26 at 1–2 (and accompanying docket text).

[12] *Id.* at 2.

[13] Remark (Apr. 10, 2018) (no ECF number).

[14] *See* Docket.

[15] Minute Entry – ECF No. 33.

[16] Clerk's Notice – ECF No. 34.

[17] Request to Dismiss Lawsuit – ECF No. 35.

ORDER – No. 17-cv-05926-LB          3

would update the court the following week about Mr. McCon.[18] On March 15, 2018, the courtroom deputy left a voicemail reminder about the need for Mr. McCon to sign a notice of dismissal.[19] Ms. Saxton advised the court that she wanted to withdraw her dismissal; the court then advised her that she needed to file a one-page notice expressing her intent to do so and reminding her that she and Mr. McCon needed to sign and file things jointly.[20] By May 21, 2018, Ms. Saxton said that she wanted to dismiss the lawsuit and would be filing a joint notice of dismissal with Mr. McCon.[21] On June 5, 2018, a courtroom deputy spoke with Ms. Saxton, who said that she and Mr. McCon would be filing a notice of dismissal and that the court would receive it within the week.[22] On June 7, 2018, the courtroom deputy issued a clerk's notice that the previous notice of dismissal must be signed by Mr. McCon too.[23] On June 7, 2018, the court set a status hearing for July 5, 2018.[24] The courtroom deputy left voicemail messages on June 13, June 20, and June 26, 2018 reminding her about the notice of dismissal and (on June 26) the July 5 hearing.[25] The plaintiffs did not appear on July 5, 2018.[26] At the status conference, the defendants' counsel said that he would contact the plaintiffs to discuss a possible stipulated dismissal.[27]

On July 19, 2018, the court issued an order to show cause warning the plaintiffs that they risked dismissal of their case for their failure to prosecute it; the court set a hearing for August 2, 2018, at 11:00 a.m.[28] The plaintiffs did not appear on August 2, 2018. The defendants' counsel represented in a letter on July 19 and in court on August 2 that he spoke with Ms. Saxton by

---

[18] ECF No. 36.

[19] Remark (May 15, 2018) (no ECF number).

[20] Order – ECF No. 37.

[21] Remark (May 21, 2018) (no ECF number).

[22] Remark (June 5, 2018) (no ECF number).

[23] *See* Docket.

[24] ECF Nos. 41–42.

[25] *See* Docket Entries for these dates.

[26] ECF No. 43.

[27] Minute Entry – ECF No. 43.

[28] Order to Show Cause – ECF No. 44.

telephone on July 19, and that Ms. Saxton said that she was in the hospital and expected to return home the following week, thought she had dismissed her case, no longer wanted to pursue it, and was upset that her previous lawyer waited too long to file the lawsuit.[29] She said that she has been unable to contact Mr. McCon, who may have moved to Las Vegas.[30] She authorized the defendants' counsel to file a joint dismissal on her behalf.[31]

## ANALYSIS

### 1. Pending Motion to Dismiss

At the August 2, 2018 hearing, the court discussed the pending motion to dismiss with the defendants' counsel, including the court's determination that the statute-of-limitations argument is an issue of fact that is best resolved at summary judgment.

"In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, [courts] look to the statute of limitations for personal injury actions in the forum state." *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). The Ninth Circuit has held that California's two-year "statute of limitations for personal injury actions applies to § 1983 actions in federal court." *Id.* (citing Cal. Code Civ. P. § 335.1). A claim may be dismissed pursuant to a statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

Here, the complaint charges that the incident happened on October 15, 2015.[32] The last day to file a complaint was October 16, 2017 (based on the intervening weekend). Fed. R. Civ. P. 6(a)(1)(C); *Maldonado*, 370 F.3d at 954. That was the date that Ms. Saxton filed the complaint.[33] But the defendants provide government claim forms that Ms. Saxton and Mr. McCon filed; those

---

[29] Letter – ECF No. 45 at 1.

[30] *Id.*

[31] *Id.*

[32] Compl. – ECF No. 1 at 1 (¶ 1), 3 (¶ 13).

[33] *Id.* at 1.

show an incident date of September 28, 2015.[34] The defendants presumably obtained them from public records, and they are party admissions and presumably could be authenticated.

For a host of reasons, the statute-of-limitation argument is better suited for a summary-judgment motion. The supporting evidence could be submitted in authenticated form. The court also would provide the appropriate notice of summary-judgment procedures. And, as discussed in the next sections, there is an existing notice of dismissal, which moots the motion as to Ms. Saxton, and there is the plaintiffs' failure to prosecute their case. For now, the court terminates the motion without prejudice to the defendants' reasserting the argument, probably in the form of an early summary-judgment motion.

## 2. Notice of Dismissal

Ms. Saxton filed a notice of dismissal. That terminates all claims that she purported to bring. As set forth in the Statement, she at one point said in a phone call with a courtroom deputy that she wanted to withdraw the dismissal. The court told her to file a one-page document to manifest that intent. She never did (despite follow-up phone calls) and reasserted her intent to stick with the dismissal.

A plaintiff may move for relief from a voluntary dismissal under Federal Rule of Civil Procedure 60(b). But relief is discretionary. *See Eskridge v. Cook County*, 577 F.3d 806, 810 (7th Cir. 2009).

Under the circumstances, the dismissal remains operative.

## 3. Dismissal for Failure to Prosecute and Order to Show Cause

A separate ground for dismissal is the plaintiffs' failure to prosecute their case. The court issues this final order to show cause why the notice of dismissal (filed by Ms. Saxton) is not operative and why the court should not dismiss the case (against Mr. McCon) for his failure to prosecute it.

---

[34] Gov't Claim Forms – ECF No. 22-1, Ex. A at 7–8, 11.

### 3.1 Governing Law

When a district court decides to impose sanctions or discipline, it must clearly delineate under which authority it acts to ensure that the attendant requirements are met. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (citing *Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("For a sanction to be validly imposed, the conduct must be sanctionable under the authority relied on.") (internal quotation marks and citation omitted)). "The imposition of sanctions requires a statement of reasons for the district court's action, including the need for the particular sanctions imposed." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000) (citing *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990) ("If the district court ultimately imposes sanctions, detailed findings are necessary to identify the objectionable conduct and provide for meaningful appellate review.")).

Federal Rule of Civil Procedure 41(b) provides that if the plaintiff fails to prosecute or to comply with these rules or a court order, a court may use its inherent power to sua sponte dismiss the action or any claim against it as a means "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962). Such an order to dismiss operates as adjudication on the merits. Fed. R. Civ. P. 41(b).

"Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citing *Ballew v. S. Pac. Co.*, 428 F.2d 787 (9th Cir. 1970)). "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.* (internal citation omitted). "The law presumes injury from unreasonable delay." *Id.* (citing *States Steamship Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970)). "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Id.* (citing *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974)).

In *Yourish v. California Amplifier*, 191 F.3d 983 (9th Cir. 1999), the Ninth Circuit applied the same five-factor standard considered in Federal Rules of Civil Procedure 37(b) case in a Rule 41(b) case. "Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Id.* at 990 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986))). "We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Id.* (some internal quotation marks and internal ellipsis omitted) (quoting *Hernandez*, 138 F.3d at 399). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion." *Id.* (internal citation omitted).

Additionally, the Ninth Circuit has explained that "[t]his 'test' is not mechanical." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Valley Eng'rs, Inc. v. Am. Home Ins. Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

Courts are invested with inherent powers that are "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link*, 370 U.S. at 630–31).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a

sanction weighs heavily against the sanction. *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132–33 (9th Cir. 1987)). Indeed, "'[f]ailure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal.'" *Id.* (quoting *Malone*, 833 F.2d at 133 (citing cases)).

### 3.2 Order to Show Cause

The court has warned the plaintiffs that their failure to participate in their litigation risked the court's dismissal of their case. The procedural history set forth in the Statement demonstrates their failure to participate. The court sets a final show-cause hearing for August 23, 2018 at 9:30 a.m. and directs a written update by August 16, 2018 from all parties. The court warns that the plaintiffs' failure to appear at the August 23, 2018 hearing will result in the court's dismissal of the lawsuit.

## CONCLUSION

The next hearing is August 23, 2018, at 9:30 a.m. The court will serve this order by U.S. mail to the addresses of record and will call Ms. Saxton on her telephone of record. If the parties want to appear by telephone, they must notify the undersigned's courtroom deputy by August 16, 2018, and the court will arrange to call the parties.

**IT IS SO ORDERED.**

Dated: August 6, 2018

_____
LAUREL BEELER
United States Magistrate Judge