UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LETICIA SAXTON, et al., | Case No. 17-cv-05926-LB |
| Plaintiffs, | |
| v. | **ORDER DISMISSING CASE** |
| CITY OF ANTIOCH, et al., | |
| Defendants. | |

# INTRODUCTION

The plaintiffs Leticia Saxton and Randy McCon have not responded to the court's orders requiring them to appear and show cause why the court should not dismiss their case for their failure to prosecute it. Most recently, they did not appear at the show-cause hearings on August 2, 2018 and August 23, 2018. The court now dismisses the case, partly based on Ms. Saxton's dismissal of her claims and based on both plaintiffs' failure to prosecute the case.

# STATEMENT

The following is relevant procedural history.

The plaintiffs filed their complaint on October 16, 2017, alleging excessive force on October 15, 2015.[1] The defendants timely filed a motion to dismiss, in part on the ground that the statute of limitations barred the lawsuit because the events happened on September 28, 2015.[2] The plaintiffs' deadline to respond to the motion to dismiss was March 29, 2018. N.D. Cal. Civ. L.R. 7-3(a). The plaintiffs did not file an opposition or a statement of non-opposition.[3] On April 2, 2018, the court extended the time for the plaintiffs to respond to the motion to dismiss to April 9, 2018.[4] The plaintiffs did not file an opposition or a statement of non-opposition.[5]

During this time period, the court advised Ms. Saxton that she could not file an action on behalf of R.M. but could retain a lawyer and then be appointed R.M.'s guardian and bring a lawsuit on her behalf.[6] The court directed Ms. Saxton to update the court about R.M.'s status by April 2, 2018 and encouraged her to contact the court's Legal Help Center.[7]

On April 10, 2018, a courtroom deputy spoke with Ms. Saxton about her opposition and the status of R.M.; Ms. Saxton said that she was working with the Legal Help Center and would file something by April 13, 2018.[8] She did not do so.[9] On April 19, 2018, Ms. Saxton reported at a status conference that she would know by April 24 whether she would be able to hire a lawyer, would dismiss her lawsuit if she could not, and would update the court by April 26.[10] Ms. Saxton contacted the court and said that she needed more time and had a meeting with the Legal Help

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF page numbers at the top of documents.

[2] Mot. to Dismiss – ECF No. 22 at 5.

[3] *See* Docket. The court previously provided a notice about the court's Legal Help Center and sent the plaintiffs a copy of the district's handbook *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*. Notice – ECF No. 14. The court resent the notice and handbook on January 25, 2018. Notice – ECF No 18.

[4] Order – ECF No. 28.

[5] *See* Docket.

[6] Order – ECF No. 26 at 1–2 (and accompanying docket text).

[7] *Id.* at 2.

[8] Remark (Apr. 10, 2018) (no ECF number).

[9] *See* Docket.

[10] Minute Entry – ECF No. 33.

Center on May 3, 2018; the court extended the time to file a dismissal or an update to May 8, 2018.[11]

On May 3, 2018, Ms. Saxton filed a notice of voluntary dismissal.[12] Mr. McCon did not sign the dismissal, and the courtroom deputy thereafter spoke with Ms. Saxton several times about the need for Mr. McCon's signature to dismiss the case.[13] On May 4, 2018, Ms. Saxton said that she would update the court the following week about Mr. McCon.[14] On March 15, 2018, the courtroom deputy left a voicemail reminder about the need for Mr. McCon to sign a notice of dismissal.[15] Ms. Saxton advised the court that she wanted to withdraw her dismissal; the court then advised her that she needed to file a one-page notice expressing her intent to do so and reminded her that she and Mr. McCon needed to sign and file things jointly.[16] By May 21, 2018, Ms. Saxton said that she wanted to dismiss the lawsuit and would be filing a joint notice of dismissal with Mr. McCon.[17] On June 5, 2018, a courtroom deputy spoke with Ms. Saxton, who said that she and Mr. McCon would be filing a notice of dismissal and that the court would receive it within the week.[18] On June 7, 2018, the courtroom deputy issued a clerk's notice that the previous notice of dismissal must be signed by Mr. McCon too.[19] On June 7, 2018, the court set a status hearing for July 5, 2018.[20] The courtroom deputy left voicemail messages on June 13, June 20, and June 26, 2018 reminding her about the notice of dismissal and (on June 26) the July 5 hearing.[21] The plaintiffs

---

[11] Clerk's Notice – ECF No. 34.

[12] Request to Dismiss Lawsuit – ECF No. 35.

[13] Remarks (May 21, 2018; June 5, 2018) (no ECF numbers).

[14] ECF No. 36.

[15] Remark (May 15, 2018) (no ECF number).

[16] Order – ECF No. 37.

[17] Remark (May 21, 2018) (no ECF number).

[18] Remark (June 5, 2018) (no ECF number).

[19] *See* Docket; Clerk's Notice – ECF No. 41.

[20] ECF Nos. 41–42.

[21] *See* Docket Entries for these dates.

did not appear on July 5, 2018.[22] At the status conference, the defendants' counsel said that he would contact the plaintiffs to discuss a possible stipulated dismissal.[23]

On July 19, 2018, the court issued an order to show cause warning the plaintiffs that they risked dismissal of their case for their failure to prosecute it; the court set a hearing for August 2, 2018, at 11:00 a.m.[24] The plaintiffs did not appear on August 2, 2018. The defendants' counsel represented in a letter on July 19 and in court on August 2 that he spoke with Ms. Saxton by telephone on July 19, and that Ms. Saxton said that she was in the hospital and expected to return home the following week, thought she had dismissed her case, no longer wanted to pursue it, and was upset that her previous lawyer waited too long to file the lawsuit.[25] She said that she has been unable to contact Mr. McCon, who may have moved to Las Vegas.[26] She authorized the defendants' counsel to file a joint dismissal on her behalf.[27]

At the hearing, the court determined that it would address any statute-of-limitations argument in an early summary-judgment hearing and held that Ms. Saxton's notice of dismissal remained operative.[28] It set a further show-cause hearing for August 23, 2018 at 9:30 a.m. and issued a final show-cause order delineating its authority to issue terminating sanctions, warning the plaintiffs again that they risked dismissal of their case for their failure to prosecute it, directing a written status update by August 16, 2018, and requiring the plaintiffs to appear at the August 23, 2018 hearing.[29] The court served its order on the plaintiffs, and the courtroom deputy left a voicemail for Ms. Saxton about the August 23 hearing and the August 16 deadline to file a status report.[30]

---

[22] ECF No. 43.

[23] Minute Entry – ECF No. 43.

[24] Order to Show Cause – ECF No. 44.

[25] Letter – ECF No. 45 at 1.

[26] *Id.* at 2.

[27] *Id.*

[28] Order – ECF No. 48 at 5–6.

[29] *Id.* at 7–9.

[30] ECF No. 48-1; Remark (August 6, 2018) (no ECF number).

The defendants also served the order and sent another letter to Ms. Saxton.[31] Ms. Saxton did not file her status report on August 16, 2018, and the courtroom deputy left another voicemail reminding Ms. Saxton of the need to file a status report and the upcoming hearing on August 23, 2018.[32]

The plaintiffs did not appear on August 23, 2018.

## ANALYSIS

The court's previous orders warned the plaintiffs that they risked dismissal of their case and described the standards that apply to sanctions. The court incorporates those orders by this reference and attaches them as exhibits.[33] Because Ms. Saxton filed a notice of dismissal for all claims that she purported to bring, that dismissal terminates her claims. The court also dismisses the case for both plaintiffs' failure to prosecute it.

## CONCLUSION

The court dismisses the case, both because Ms. Saxton filed a notice of voluntary dismissal and because both plaintiffs did not prosecute the case. Given Ms. Saxton's apparent illness, her lack of knowledge about Mr. McCon's whereabouts, and the fact that her dismissal operated as a dismissal without prejudice, the court's dismissal is without prejudice.

**IT IS SO ORDERED.**

Dated: August 23, 2018

LAUREL BEELER
United States Magistrate Judge

---

[31] Defendants' Status Report – ECF Nos. 49 & 49-1.
[32] Remark – ECF No. 50.
[33] Orders – ECF Nos. 44 and 48.